UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS,<br><br>Plaintiff,<br><br>v.<br><br>TREMBLAY'S BUS CO., LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

## INTRODUCTION

1. Defendant Tremblay's Bus Co., LLC ("Tremblay") owns and operates a fleet of motor vehicles, including diesel-powered school buses, that service schools in southeastern Massachusetts. Tremblay's bus drivers routinely allow their diesel-powered school buses to idle unnecessarily for prolonged periods of time—often for more than twenty minutes—on school grounds in densely populated communities. Inhaling diesel exhaust can cause cancer, aggravated asthma, lung damage, and other serious health problems and is especially harmful to children, who have a faster breathing rate than adults and whose lungs are not yet fully developed.

2. As a result of Tremblay's excessive idling, the Commonwealth of Massachusetts (the "Commonwealth") brings this civil suit to enforce the requirements of the Federal Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7431, and the Massachusetts Clean Air Act ("Massachusetts Air Act"), G.L. c. 111, §§ 142A-142O. The Commonwealth seeks injunctive relief, civil penalties, and other relief the Court deems appropriate to redress Tremblay's excessive vehicle idling and illegal emissions of air pollution at schools in Massachusetts.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to Section 304(a) of the CAA, 42 U.S.C. § 7604(a); 28 U.S.C. § 1331; and 28 U.S.C. § 1367.

4. On June 17, 2021, the Commonwealth provided notice of Tremblay's violations of the CAA and of its intention to file suit against Tremblay (the "Notice Letter"), to the Administrator of the Environmental Protection Agency ("EPA"); the Administrator of EPA Region 1; the Commissioner of the Massachusetts Department of Environmental Protection ("MassDEP"); the Governor of Massachusetts; and to Tremblay, as required by Section 304(b)(1)(A) of the CAA, 42 U.S.C. § 7604(b)(1)(A).

5. More than sixty days have passed since the Commonwealth served the Notice Letter.

6. This action is not barred by any prior state or federal action to enforce the violations alleged in this complaint.

7. The Commonwealth has an interest in protecting for its residents the integrity of the Massachusetts environment, and the related health, safety, economic, recreational, aesthetic and environmental interest that the environment provides. The interests of the Commonwealth have been, are being, and will continue to be adversely affected by Tremblay's failure to comply with environmental laws, as alleged herein. The relief sought herein will redress the harms to the Commonwealth caused by Tremblay's activities. Continuation of the acts and omissions alleged herein will irreparably harm the Commonwealth, for which harm it has no other plain, speedy, or adequate remedy at law.

8. Venue is proper in this district pursuant to Section 304(c)(1) of the CAA, 42 U.S.C. § 7604(c)(1), because the source of the violations is located within this judicial district.

**PARTIES**

9. Plaintiff is the Commonwealth appearing by and through the Attorney General.

10. The Attorney General is the chief law officer of the Commonwealth, with offices at One Ashburton Place, Boston, Massachusetts. She is authorized to bring this action and to seek the relief requested herein under G.L. c. 12, §§ 3 and 11D.

11. Defendant Tremblay is a domestic transportation corporation that has its principal office at 284 Myrtle Street, New Bedford, Massachusetts.

**STATUTORY BACKGROUND**

**Federal Clean Air Act Requirements**

12. The CAA sets out a comprehensive regulatory scheme designed to prevent and control air pollution. Congress passed the CAA to prevent air pollution and protect and enhance the quality of the Nation's air resources to promote the public health and welfare. 42 U.S.C. § 7401(a)-(b).

13. EPA has established National Ambient Air Quality Standards ("NAAQS") to limit emissions of certain harmful pollutants—called "criteria pollutants"—including particulate matter. *Id.* § 7409; 40 C.F.R. pt. 50. An area that meets the NAAQS for a criteria pollutant is deemed to be in "attainment" for that pollutant. 42 U.S.C. § 7407(d)(1). An area that does not meet the NAAQS is a "nonattainment" area. *Id.*

14. Each state is required to develop a "state implementation plan" ("SIP") to achieve the NAAQS established by EPA. *Id.* § 7410(a). Specifically, SIPs set forth requirements for permitting programs and specific emission standards and limitations to assure that geographic areas either remain in attainment or come into attainment. Once a state's SIP is approved by EPA, it is

published in the Code of Federal Regulations and becomes enforceable federal law. *Id.* § 7413; 40 C.F.R § 52.23.

15. To implement these requirements and achieve and maintain attainment, Massachusetts has promulgated certain air pollution standards and limitations in the Massachusetts Air Regulations, 310 C.M.R §§ 7.00-7.75, that have been approved by EPA, incorporated into the Massachusetts SIP, and are therefore enforceable under the CAA. *See* EPA Approved Regulations in the Massachusetts SIP (updated Jan. 20, 2017), https://www.epa.gov/sips-ma/epa-approved-regulations-massachusetts-sip. These standards and limitations include the Commonwealth's prohibitions against causing a condition of air pollution, 310 C.M.R. § 7.01 (the "Air Pollution Limitation"), and unnecessary idling of motor vehicles for more than five minutes, *id.* § 7.11 (the "Anti-Idling Regulation"), as further described below. The Anti-Idling Regulation further incorporates by reference Registry of Motor Vehicles emissions regulations, which, in turn, specifically prohibit excessive idling on school grounds. *See id.* § 7.11(1) (incorporating by reference 540 C.M.R. § 27.00, the "School Grounds Idling Regulation").

16. Any person may commence a civil enforcement action under the CAA against any party "who is alleged to have violated . . . or to be in violation of [] an emission standard or limitation." 42 U.S.C. § 7604(a). An "emission standard or limitation" includes, among other things, any standard or limitation under any approved SIP. *Id.* § 7604(f)(4).

17. This Court has authority to enjoin Tremblay's violations of the CAA, and to impose penalties of up to $101,439 per day for each violation of the CAA that occurred after November 2,

2015, pursuant to Sections 113(b) and 304(a) of the CAA, 42 U.S.C. §§ 7413(b), 7604(a); 40 C.F.R. § 19.4; and 85 Fed. Reg. 1751, 1754 (Jan. 13, 2020).[1]

## State Environmental Requirements

*Massachusetts Air Act*

18. The Massachusetts Air Act is intended to protect the atmosphere from pollution and contamination. *See* G.L. c. 111, §§ 142A-142O.

19. Pursuant to its authority under the Massachusetts Air Act, MassDEP adopted the Massachusetts Air Regulations "to prevent the occurrence of conditions of air pollution where such do not exist and to facilitate the abatement of conditions of air pollution where and when such occur." 310 C.M.R. § 7.00 (preamble). These regulations are "designed to attain, preserve, and conserve the highest possible quality of the ambient air compatible with needs of society." *Id.*

20. As noted above, the Massachusetts Air Regulations include the Air Pollution Limitation, which states: "No person owning, leasing, or controlling the operation of any air contamination source shall willfully, negligently, or through failure to provide necessary equipment or to take necessary precautions, permit any emission from said air contamination source or sources of such quantities of air contaminants which will cause, by themselves or in conjunction with other air contaminants, a condition of air pollution." *Id.* § 7.01(1).

21. The Massachusetts Air Regulations define "air pollution" as "the presence in the ambient air space of one or more air contaminants or combinations of air contaminants in such concentrations and of such duration as to cause a nuisance; be injurious or potentially injurious to

---

[1] The statutory maximum civil penalty for violations that occurred on or before November 2, 2015, is $37,500 per day, per violation. 40 C.F.R. § 19.4, Table 1.

6

human or animal life, vegetation or property; or unreasonably interfere with the comfortable enjoyment of life and property or the conduct of business." *Id.* § 7.00.

22. As noted above, the Massachusetts Air Regulations also include the Anti-Idling Regulation, which establishes restrictions on the operation of motor vehicles, including restrictions on unnecessary idling. *Id.* § 7.11.

23. In particular, the Anti-Idling Regulation prohibits unnecessary idling of motor vehicles in general, providing that "[n]o person shall cause, suffer, allow, or permit the unnecessary operation of the engine of a motor vehicle while said vehicle is stopped for a foreseeable period of time in excess of five minutes," with exceptions not relevant here. 310 C.M.R. § 7.11(1)(b).

24. The Massachusetts Air Regulations define "motor vehicle" to include "any equipment or mechanical device propelled primarily on land by power other than muscular power." 310 C.M.R. § 7.00.

25. As relevant here, the Anti-Idling Regulation further requires "[a]ll motor vehicles registered in the Commonwealth [to] comply with pertinent regulations of the Registry of Motor Vehicles relative to exhaust and sound emissions," thus incorporating by reference the School Grounds Idling Regulation, a pertinent Registry of Motor Vehicles Regulation intended to "improve and protect school campus air quality." 540 C.M.R. § 27.02.[2]

---

[2] The School Grounds Idling Regulation implements the Massachusetts School Campus Air Quality Act, which also prohibits unnecessary idling on School Grounds. *See* G.L. c. 90, § 16B(b).

26. With exceptions not relevant here,[3] the School Grounds Idling Regulation in turn prohibits unnecessary idling in the vicinity of "School Grounds." *Id.* § 27.03.[4] The regulation defines "School Grounds" as the area "in, on or within 100 feet of the real property comprising a public or private accredited [school] whether or not in session, and shall include any athletic field or facility and any playground used for school purposes or functions which are owned by a municipality or school district, regardless of proximity to a school building, as well as any parking lot appurtenant to such school athletic field, facility, or playground." *Id.* § 27.02.

27. The Massachusetts Air Act provides that a person who violates the Massachusetts Air Act or the Massachusetts Air Regulations is liable for civil penalties of up to $25,000 per day per violation and authorizes this Court to enjoin further violations. G.L. c. 111, §§ 142A-142B.

28. The Attorney General has authority to enforce the Massachusetts Air Act and the Massachusetts Air Regulations, including the Anti-Idling Regulation, pursuant to G.L. c. 12, §§ 3 & 11D.

---

[3] The School Grounds Idling Regulation further requires school bus companies in the Commonwealth to "ensure that each school bus driver employed by them, upon employment and at least once per year thereafter, is informed of the requirements of M.G.L. c. 90, § 16B and 540 C.M.R. § 27.00 relative to idling on school grounds and of the consequences of not complying with those requirements." 540 C.M.R. § 27.06(2).

[4] For example, the School Grounds Idling Regulation allows limited idling where—as was not the case here—the temperature is below thirty-five degrees Fahrenheit or above eighty degrees Fahrenheit, and only under certain prescribed circumstances. 540 C.M.R. § 27.04(d)-(e).

## STATEMENT OF FACTS

### Tremblay's Operations

29. Tremblay has provided bus transportation in Southeast Massachusetts for over four decades and currently owns and operates more than 250 school buses that transport students to and from schools throughout Southeastern Massachusetts.

30. For at least the last five years, Tremblay has operated diesel-powered school buses and other vehicles to transport children in Southeastern Massachusetts, including transportation to and from New Bedford High School, located at 230 Hathaway Boulevard in New Bedford, Carney Academy Elementary School, located at 247 Elm Street in New Bedford, and Hayden McFadden Elementary School, located at 361 Cedar Grove Street in New Bedford.

31. Many of the schools that Tremblay serves are in communities that have been identified by the Commonwealth and EPA as "Environmental Justice Communit[ies]" because they have the potential to be disproportionately impacted by environmental harms and risks. Environmental Justice Community members tend to be isolated from environmental decision making and are often unable to access state environmental resources.

32. New Bedford High School, Carney Academy Elementary School, and Hayden McFadden Elementary School are located in densely populated residential and commercial areas of New Bedford designated as "Environmental Justice Communit[ies]" based on the communities' median household income and the minority percentage in the community.

**Tremblay's Violations of the CAA**

*Excessive Motor Vehicle Emissions into the Atmosphere,
Unlawful Idling in Excess of Five Minutes, and Excessive Idling on School Grounds*

33.     As set forth in the following Table, between October 30, 2019, and December 10, 2019, Tremblay's diesel-powered buses idled unnecessarily for more than five minutes on School Grounds in New Bedford on at least thirty-five occasions. In twenty-seven of those instances, Tremblay's buses unnecessarily idled for more than twenty minutes.

|    | Date | Location | Idling Start Time | Duration of Idling | Outdoor Temp. |
|----|------|----------|-------------------|--------------------|----|
| 1  | 10/30/2019 | New Bedford High School | 2:15PM | 7 minutes | 63° F |
| 2  | 10/30/2019 | New Bedford High School | 2:22PM | 23 minutes | 63° F |
| 3  | 10/30/2019 | New Bedford High School | 2:24PM | 28 minutes | 63° F |
| 4  | 10/30/2019 | New Bedford High School | 2:25PM | 23 minutes | 63° F |
| 5  | 11/6/2019 | Carney Academy Elementary School | 2:10PM | 14 minutes | 57° F |
| 6  | 11/6/2019 | Carney Academy Elementary School | 2:10PM | 21 minutes | 57° F |
| 7  | 11/6/2019 | Carney Academy Elementary School | 2:10PM | 21 minutes | 57° F |
| 8  | 11/6/2019 | Carney Academy Elementary School | 2:10PM | 23 minutes | 57° F |
| 9  | 11/6/2019 | Carney Academy Elementary School | 2:10PM | 25 minutes | 57° F |
| 10 | 11/6/2019 | Carney Academy Elementary School | 2:10PM | 26 minutes | 57° F |
| 11 | 11/21/2019 | Carney Academy Elementary School | 2:10PM | 11 minutes | 57° F |
| 12 | 11/21/2019 | Carney Academy Elementary School | 2:10PM | 21 minutes | 57° F |
| 13 | 11/21/2019 | Carney Academy Elementary School | 2:10PM | 16 minutes | 57° F |
| 14 | 11/21/2019 | Carney Academy Elementary School | 2:10PM | 21 minutes | 57° F |
| 15 | 11/21/2019 | Carney Academy Elementary School | 2:10PM | 16 minutes | 57° F |

| 16 | 11/21/2019 | Carney Academy Elementary School | 2:10PM | 21 minutes | 57° F |
| 17 | 11/21/2019 | Carney Academy Elementary School | 2:10PM | 27 minutes | 57° F |
| 18 | 11/21/2019 | Carney Academy Elementary School | 2:10PM | 24 minutes | 57° F |
| 19 | 11/21/2019 | Carney Academy Elementary School | 2:12PM | 22 minutes | 57° F |
| 20 | 11/22/2019 | Hayden McFadden Elementary School | 3:08PM | 18 minutes | 53° F |
| 21 | 11/22/2019 | Hayden McFadden Elementary School | 3:10PM | 14 minutes | 53° F |
| 22 | 12/9/2019 | Carney Academy Elementary School | 2:08PM | 15 minutes | 53° F |
| 23 | 12/9/2019 | Carney Academy Elementary School | 2:08PM | 24 minutes | 53° F |
| 24 | 12/9/2019 | Carney Academy Elementary School | 2:08PM | 16 minutes | 53° F |
| 25 | 12/9/2019 | Carney Academy Elementary School | 2:08PM | 24 minutes | 53° F |
| 26 | 12/9/2019 | Carney Academy Elementary School | 2:08PM | 24 minutes | 53° F |
| 27 | 12/9/2019 | Carney Academy Elementary School | 2:08PM | 26 minutes | 53° F |
| 28 | 12/9/2019 | Carney Academy Elementary School | 2:08PM | 27 minutes | 53° F |
| 29 | 12/9/2019 | Carney Academy Elementary School | 2:11PM | 24 minutes | 53° F |
| 30 | 12/10/2019 | New Bedford High School | 2:15PM | 30 minutes | 56° F |
| 31 | 12/10/2019 | New Bedford High School | 2:17PM | 28 minutes | 56° F |
| 32 | 12/10/2019 | New Bedford High School | 2:20PM | 25 minutes | 56° F |
| 33 | 12/10/2019 | New Bedford High School | 2:22PM | 28 minutes | 56° F |
| 34 | 12/10/2019 | New Bedford High School | 2:22PM | 28 minutes | 56° F |
| 35 | 12/10/2019 | New Bedford High School | 2:22PM | 28 minutes | 56° F |

34. Diesel exhaust can be carcinogenic to humans by inhalation from environmental exposures. Diesel engines are a source of fine particulate matter emissions, nitrogen oxides

("NO$_x$"), sulfur dioxide ("SO$_2$"), volatile organic compounds ("VOCs"), and many other toxic compounds, and forty chemicals in diesel exhaust that are listed as hazardous air pollutants under the CAA.

35.  Over ninety percent of diesel exhaust particulate matter emissions have diameters of less than 2.5 microns, fine particles that can penetrate deeply into the lungs. Once inhaled, fine particulate matter can harm the lungs and pulmonary and respiratory systems, causing serious health effects. Particulate matter exposure is associated with increased respiratory symptoms, such as irritation of the airways, coughing, or difficulty breathing; decreased lung function; aggravated asthma; development of chronic bronchitis; irregular heartbeat; heart attacks; and premature death in people with heart or lung disease.

36.  Exposure to NO$_x$ can aggravate respiratory diseases, particularly asthma, leading to respiratory symptoms such as irritation of the airways, coughing, or difficulty breathing.

37.  Exposure to SO$_2$ can cause respiratory illness, aggravation of asthma, other adverse effects on breathing, alterations in pulmonary defenses, and aggravation of existing cardiovascular disease.

38.  Benzene, a VOC present in diesel exhaust, is designated as a hazardous air pollutant under the CAA, is a known human carcinogen, and can also cause neurological harm in humans and animals.

39.  Formaldehyde, another pollutant present in diesel exhaust, is a probable human carcinogen. Exposure to formaldehyde can cause eye, nose, and throat irritation and harm to the nasal cavity. Exposure to high levels of formaldehyde can cause coughing, wheezing, chest pains, and bronchitis.

40. Non-diesel, non-electric motor vehicles, including ethanol, propane, and compressed natural gas buses, also emit harmful air pollutants.

41. Children, seniors, and people suffering from asthma are generally at greater risk for the health effects of air pollution. Accordingly, when motor vehicles, including diesel-powered school buses, idle at schools, they cause children and others to suffer from increased exposure to and harmful consequences from air pollutants, including fine particulate matter.

42. By allowing its motor vehicles, including its diesel-powered school buses, to idle on School Grounds, including leading up to and during school dismissal when children are outside, Tremblay exposed children and others to air pollutants, including fine particulate matter.

43. As detailed herein, Tremblay has willfully, negligently, or through failure to provide necessary equipment or take necessary precautions permitted its motor vehicles, including its diesel-powered school buses, to emit harmful exhaust on School Grounds and in other Massachusetts locations for unnecessarily long periods of time. As a result, Tremblay has allowed its motor vehicles to emit quantities of air contaminants that will cause, by themselves or in conjunction with other air contaminants, a condition that is or potentially is injurious to human or animal life or will unreasonably interfere with the comfortable enjoyment of life and property or the conduct of business.

44. As detailed herein, Tremblay has on numerous occasions caused, suffered, allowed, or permitted the unnecessary idling of its motor vehicles, including its diesel-powered school buses, while those vehicles were stopped for a foreseeable period of time in excess of five minutes.

45. As detailed herein, Tremblay has caused or allowed the engines of its motor vehicles, including its diesel-powered school buses, to idle unnecessarily on School Grounds.

## FIRST CAUSE OF ACTION
### Violations of the Federal Clean Air Act:
### SIP Violations - Causing or Contributing to a Condition of Air Pollution
### 42 U.S.C. § 7604(a)

46. The Commonwealth realleges and incorporates by reference the allegations contained in the above paragraphs.

47. The Commonwealth is a "person" within the meaning of 42 U.S.C. §§ 7602(e) and 7604(a)(1) and thus entitled to bring suit thereunder.

48. Tremblay is a "person" within the meaning of 42 U.S.C. §§ 7602(e) and 7604(a)(1).

49. The Air Pollution Limitation is an "emission standard or limitation" within the meaning of 42 U.S.C. § 7604(a)(1). *See also* 42 U.S.C. § 7604(f)(4) (defining "[e]mission standard or limitation" enforceable through citizen suits).

50. The Air Pollution Limitation is included in the SIP. *See* 310 C.M.R. § 7.11(1)(b); EPA Approved Regulations in the Massachusetts SIP (updated Jan. 20, 2017), https://www.epa.gov/sips-ma/epa-approved-regulations-massachusetts-sip.

51. The motor vehicles, including diesel-powered school buses, that Tremblay has operated and operates in Massachusetts, emit to the ambient air harmful "air pollution" and "air contaminants" with the meaning of the Massachusetts Air Regulations, 310 C.M.R. §§ 7.00-7.75, as incorporated into the Massachusetts SIP.

52. The motor vehicles, including the diesel-powered school buses, that Tremblay has operated and operates in Massachusetts are "air contamination sources" within the meaning of the Air Pollution Limitation, 310 C.M.R. § 7.01(1), as incorporated into the Massachusetts SIP.

53. At all relevant times, Tremblay has "own[ed], leas[ed], or controll[ed] the operation of" motor vehicles, including diesel-powered school buses, that are air contamination sources

within the meaning of the Air Pollution Limitation, 310 C.M.R. § 7.01(1), as incorporated into the Massachusetts SIP.

54. By willfully, negligently, or through failure to provide necessary equipment or take necessary precautions permitting its motor vehicles, including its diesel-powered school buses, to idle on School Grounds and in other Massachusetts locations for unnecessarily long periods of time, and thus allowing its motor vehicles, including its diesel-powered school buses, to emit quantities of air contaminants that will cause, by themselves or in conjunction with other air contaminants, a condition that is or potentially is injurious to human or animal life or will unreasonably interfere with the comfortable enjoyment of life and property or the conduct of business, Tremblay has violated the Air Pollution Limitation, 310 C.M.R § 7.01(1).

55. Each of Tremblay's violations of the Air Pollution Limitation, 310 C.M.R. § 7.01(1), is a separate and distinct violation of an emission standard or limitation under the CAA, 42 U.S.C. § 7604(a), for each day on which the violation occurred or continued.

### SECOND CAUSE OF ACTION
### Violations of the Federal Clean Air Act:
### SIP Violations – Failure to Comply with the Anti-Idling Regulation
### 42 U.S.C. § 7604(a)

56. The Commonwealth realleges and incorporates by reference the allegations contained in the above paragraphs.

57. The Anti-Idling Regulation is an "emission standard or limitation" within the meaning of 42 U.S.C. § 7604(a)(1). *See also* 42 U.S.C. § 7604(f)(4).

58. The Anti-Idling Regulation is included in the SIP. *See* 310 C.M.R. § 7.11; EPA Approved Regulations in the Massachusetts SIP (Jan. 20, 2017), https://www.epa.gov/sips-ma/epa-approved-regulations-massachusetts-sip.

59. By causing, suffering, allowing, or permitting the unnecessary idling of its motor vehicles, including its diesel-powered school buses, while those vehicles were stopped for a foreseeable period of time in excess of five minutes, Tremblay has violated the Anti-Idling Regulation, 310 C.M.R. § 7.11(1)(b).

60. By causing or allowing the engines of its motor vehicles, including its diesel-powered school buses, to idle unnecessarily on School Grounds, Tremblay has violated the School Grounds Idling Regulation, 540 C.M.R. § 27, and, accordingly, the Anti-Idling Regulation. 310 C.M.R. § 7.11(1)(a) (incorporating by reference the School Grounds Idling Regulation, 540 C.M.R. § 27).

61. Each of Tremblay's violations of the Anti-Idling Regulation, 310 C.M.R. § 7.11, is a separate and distinct violation of an emission standard or limitation under the CAA, 42 U.S.C. § 7604(a), for each day on which the violation occurred or continued.

## THIRD CAUSE OF ACTION
### Violations of the Massachusetts Air Act:
### Causing or Contributing to a Condition of Air Pollution
### G.L. c. 111, § 142A; 310 C.M.R. § 7.01(1)

62. The Commonwealth realleges and incorporates by reference the allegations contained in the above paragraphs.

63. By willfully, negligently, or through failure to provide necessary equipment or take necessary precautions permitting its motor vehicles, including its diesel-powered school buses, to idle on School Grounds and in other Massachusetts locations for unnecessarily long periods of time, and thus allowing its motor vehicles to emit quantities of air contaminants that will cause, by themselves or in conjunction with other air contaminants, a condition that is or potentially is injurious to human or animal life or will unreasonably interfere with the comfortable enjoyment of life and property or the conduct of business, Tremblay has violated the Air Pollution Limitation, 310 C.M.R § 7.01(1), and the Massachusetts Air Act, G.L. c. 111, § 142A.

64. Each of Tremblay's violations of the Air Pollution Limitation, 310 C.M.R. § 7.01(1), and the Massachusetts Air Act, G.L. c. 111, § 142A , is a separate and distinct violation for each day on which the violation occurred or continued.

## FOURTH CAUSE OF ACTION
### Violations of the Massachusetts Air Act:
### Failure to Comply with the Anti-Idling Regulation
### G.L. c. 111, § 142A; 310 C.M.R. § 7.11

65. The Commonwealth realleges and incorporates by reference the allegations contained in the above paragraphs.

66. By causing, suffering, allowing, or permitting the unnecessary idling of its motor vehicles, including its diesel-powered school buses, while those vehicles were stopped for a foreseeable period of time in excess of five minutes under conditions that do not satisfy any

17

regulatory exemption, Tremblay has violated the Anti-Idling Regulation, 310 C.M.R. § 7.11(1)(b), and the Massachusetts Air Act, G.L. c. 111, § 142A.

67. By causing or allowing the engines of its motor vehicles, including its diesel-powered school buses, to idle unnecessarily on School Grounds, Tremblay has violated the School Grounds Idling Regulation, 540 C.M.R. § 27, and, accordingly, the Anti-Idling Regulation, 310 C.M.R. § 7.11(1)(a) (incorporating by reference the School Grounds Idling Regulation, 540 C.M.R. § 27), and the Massachusetts Air Act, G.L. c. 111, § 142A.

68. Each of Tremblay's violations of the Anti-Idling Regulation, 310 C.M.R. § 7.11(1)(a) and (b), and the Massachusetts Air Act, G.L. c. 111, § 142A, is a separate and distinct violation for each day on which the violation occurred or continued.

## RELIEF REQUESTED

WHEREFORE, the Commonwealth respectfully requests that this Court grant the following relief:

1. Permanently enjoin Tremblay from:

    a. allowing its motor vehicles, including its diesel-powered school buses, to idle on School Grounds and in other Massachusetts locations for unnecessarily long periods of time in violation of the Air Pollution Limitation, 310 C.M.R. 7.01(1);

    b. allowing its motor vehicles, including its diesel-powered school buses, to idle unnecessarily for a foreseeable period of time in excess of five minutes in violation of the Anti-Idling Regulation; and

    c. allowing its motor vehicles, including its diesel-powered school buses, to idle unnecessarily on School Grounds in violation of the School Grounds Idling Regulation and, accordingly, the Anti-Idling Regulation.

2. Order Tremblay to pay civil penalties of up to

   a. $37,500 per day for each violation of the CAA that occurred on or before November 2, 2015, and up to $101,439 per day for each violation of the CAA that occurred after November 2, 2015, pursuant to Sections 113(b) and 304(a) of the CAA, 42 U.S.C. §§ 7413(b), 7604(a), 40 C.F.R. § 19.4, and 85 Fed. Reg. 1751, 1754 (Jan. 13, 2020); and

   b. $25,000 for each day of each violation of the Massachusetts Air Act, G.L. c. 111, § 142A, to the Commonwealth;

3. Order Tremblay to take appropriate actions to remedy harm caused by its noncompliance with the CAA;

4. Award the Commonwealth's costs, including reasonable investigative, attorney, witness, and consultant fees, as authorized by the CAA, 42 U.S.C. § 7604(d); and

5. Award any such other and further relief as this Court may deem appropriate.

Dated: July 28, 2021

                              Respectfully submitted,

                              COMMONWEALTH OF MASSACHUSETTS

                              By its attorney,

                              MAURA HEALEY
                              ATTORNEY GENERAL

                              <u>/s/ Turner Smith</u>
                              Turner Smith (Bar No. 684750)
                                  Deputy Chief & Assistant Attorney General
                              Brian Clappier (Bar No. 569472)
                                  Assistant Attorney General
                              Environmental Protection Division
                              Office of the Attorney General
                              One Ashburton Place, 18th Floor
                              Boston, Massachusetts 02108
                              Tel: (617) 963-2782
                              Turner.Smith@mass.gov

20