**Exhibit 2**

Letter from United States Department of Justice, dated September 13, 2021



**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-05625

*Law and Policy Section*  *Telephone (202) 514-1442*
*P.O. Box 7415*  *Facsimile (202) 514-4231*
*Washington, DC 20044-7415*

September 13, 2021

PROVIDED TO COUNSEL OF RECORD
TO SUBMIT TO THE COURT VIA ECF

Clerk's Office
United States District Court
Massachusetts, Boston Division
1 Courthouse Way
Boston, Massachusetts 02210

      Re:    *Commonwealth of Massachusetts v. Tremblay's Bus Co.* (Mass.), Case No. 1:21-cv-11220

Dear Clerk of Court:

    I am writing to notify you that the United States has reviewed the proposed consent judgment in this action and does not object to its entry by this Court.

    On July 28, 2021, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to Clean Air Act, 42 U.S.C. § 7604(c)(3).[1] This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.

---

[1] The term "consent judgment" in the Clean Air Act citizen suit provisions has a broad meaning and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case. For example, a document stipulating to dismissal of a case of any part thereof is within the scope of this language. Such documents and any associated instruments must be submitted to the United States and the court for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials. The Department monitors citizen suit litigation to review compliance with this requirement.

In its review, the United States seeks to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief and/or a supplemental environmental project (SEP) payment sufficient to deter future violations, or combinations of the above.

The proposed consent decree also provides that Defendant shall submit a payment to a non-party organization to be used for supplemental environmental projects ("SEPs"). Where a consent judgment provides for the payment of sums to a third party that is to undertake an environmentally beneficial project and/or acquire a property interest that will have environmental benefits, the United States typically requests that the third party provide a letter to the Court and to the United States representing that it is a 501(c)(3) tax exempt entity and that it: (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the SEP funds were spent. In letters attached as Exhibit A and B, the intended recipients of the SEP funds confirmed that any funds received as a result of the proposed consent decree would be used solely for the purpose outlined in the consent decree and no portion of the funds would be used for political lobbying activities. The United States believes that this letter will help to ensure that any monies expended under the consent judgment will be used in a manner that furthers the purposes of the Clean Air Act and that is consistent with the law and the public interest.

Given the facts of this case, the United States has no objection to the proposed consent judgment. The fact that we do not have a basis to object to this consent judgment does not imply approval of this instrument.

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. *See* 42 U.S.C. §7604(c)(3).

- 3 -

We appreciate the attention of the Court. Please contact the undersigned at (202) 353-0132 if you have any questions.

Sincerely,

*/s/ Stacy Stoller*

Stacy Stoller, Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington, D.C. 20044-4390

cc: Counsel on Record via ECF

# Exhibit A



The Friends of Buttonwood Park
Post Office Box 2011
New Bedford, Massachusetts 02741

Citizen Suit Coordinator
Environment & Natural Resources Division
Law & Policy Section
P.O. Box 7415 – Ben Franklin Station
Washington DC 20044-7415
September 11, 2021

Dear Citizen Suit Coordinator,

The Friends of Buttonwood Park, Inc. is a 501(c)(3) organization (tax ID 04-3081488) whose mission is to support the protection, maintenance, and improvement of the park for the health, benefit and enjoyment of all of the people of New Bedford and the surrounding area. We act as stewards of the park and advocates of the Olmsted Master Plan for Buttonwood Park. Examples of our work include:

• Replacement of the old basketball courts with three new full-size lighted courts
• Actively working with the Buzzards Bay Coalition and other partners on the multi-year Buttonwood Brook & Apponagansett Bay Restoration Project under the EPA Southern District's Pilot Watershed Initiative.
• Working with the Garden Club of Buzzards Bay and UMass Dartmouth on the establishment of a pollinator habitat plot in the park.
• Working with the City of New Bedford on the North Trails project, a capital project involving the establishment of a trail system in the long-neglected northern part of the park.
• Clearing of areas filled with weeds and invasives and trail establishment. .
• Creation and ongoing maintenance of a number of gardens in the park.
• Active members of the National Association of Olmsted Parks (NAOP) Olmsted 200 Bicentennial Network Exchange Group. We are planning a number of activities to celebrate the 200th anniversary of the birth of Frederick Law Olmsted.
• A volunteer program to support the maintenance and improvement of the park.
• Working with the New Bedford Council on Aging and Coastline Services on the Age Friendly Initiative Program to ensure that the park well serves people of all ages and abilities.
• Conducting tree walks in our Arboretum for local schoolchildren on field trips to the park.

We have read the proposed consent decree, Commonwealth of Massachusetts v.Tremblay' s Bus Co., case no. 1:21-cv-11220. We understand that the decree provides funding in the amount of $50,000 to fund projects to plant and maintain trees and vegetation in and to increase access for environmental justice communities to Buttonwood Park.

We will use this money for the purposes specified in the proposed consent decree. We will not use any funds for political lobbying purposes.

The Friends of Buttonwood Park is an all-volunteer, 501(c)(3) non-profit organization.
     All contributions are tax-deductible to the full extent of the law.

We plan to use the money in the years 2021-2023. Once expended, we will provide a letter to the Court, the United States, and the parties involved (the Commonwealth of Massachusetts and the Tremblay Bus Company) describing how the funds were spent.

Our proposed work may include, but is not limited to (a) planting and maintenance of new trees, (b) removal of existing trees as needed for the planting of new trees and associated landscaping, and (c) establishing trails in the woodland areas utilizing youth from organizations such as YouthBuild.

Please feel free to contact me with any questions.

Sincerely,

*Richard Leary*

Richard Leary, President
Friends of Buttonwood Park
PO Box 2011
New Bedford, MA  02741

The Friends of Buttonwood Park is an all-volunteer, 501(c)(3) non-profit organization.
All contributions are tax-deductible to the full extent of the law.

# Exhibit B

Greater New Bedford
Community Health Center

Ms. Turner Smith, Assistant Attorney General
Massachusetts Office of the Attorney General
Environmental Protection Division
One Ashburton Place
Boston, MA 02108

September 10, 2021

Dear Ms. Smith,

The Greater New Bedford Community Health Center is a 501(c) (3) organization (tax ID 04-2675800) with a mission to serve, educate and inspire our patients in becoming more knowledgeable and participatory in their total health.

We have read the proposed consent decree, Commonwealth of Massachusetts v. Tremblay's Bus Co., LLC, case no. 1:21-cv-11220. We understand that provides funding in the amount of $50,000 over 2 years to fund projects to prevent and treat pediatric asthma in New Bedford. We will use this money to purchase household items for our pediatric asthma patients that will work to reduce household triggers known to prevent asthma attacks in children.

Once the funds are expended, we will provide a letter to the Court, the United States, and the parties involved (the Commonwealth of Massachusetts and the Tremblay's Bus Company) describing how the funds were spent.

Our proposed work may include, but is not limited to (a) patient home assessments to determine need performed by a Greater New Bedford Community Health Center Community Health Care Worker (CHW). (b) Purchasing of HEPA vacuums and other related items to help prevent asthma attacks. (c) Education and instruction for our patients, parents/guardians to operate equipment purchased for their home.

Please feel free to contact me with any questions.

Sincerely,

*Cheryl Bartlett*

Cheryl Bartlett, RN
Chief Executive Officer
508-342-4220
cbartlett@gnbchc.org

Greater New Bedford Community Health Center • 874 Purchase Street, New Bedford, MA 02740 • 508-992-6553 • TTY 508-994-2478