UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF MASSACHUSETTS,

Plaintiff,

v.

TREMBLAY'S BUS CO., LLC,

Defendant.

Case No.   1:21-cv-11220

## CONSENT DECREE

WHEREAS, the Commonwealth of Massachusetts ("Commonwealth"), acting by and through the Office of the Attorney General ("Attorney General"), alleges in the Complaint filed in this action that Tremblay's Bus Co. ("Tremblay" or "Defendant"), who owns and operates a fleet of motor vehicles, including school buses that service schools in southeastern Massachusetts, violated the Federal Clean Air Act, 42 U.S.C. § 7604(a) ("CAA"), the Massachusetts Clean Air Act, M.G.L. c. 111, § 142A (the "Massachusetts Air Act"), the Massachusetts Air Regulations, 310 C.M.R § 7.01(1) ("Air Pollution Regulations"), the Anti-Idling Regulations, 310 C.M.R. § 7.11(l)(b) ("Anti-Idling Regulations"), and the School Grounds Idling Regulations, 540 C.M.R. § 27.03 ("School Grounds Idling Regulations") by idling its motor vehicles, including diesel-powered school buses, in front of schools in southeastern Massachusetts;

WHEREAS, the Commonwealth further alleges in its Complaint that Tremblay violated 310 C.M.R § 7.01(1) ("the Air Pollution Limitation") and the Massachusetts Air Act by willfully, negligently, or through failure to provide necessary equipment or take necessary

precautions permitting its motor vehicles, including its diesel-powered school buses, to idle on school grounds in Massachusetts for unnecessarily long periods of time, and thus allowing its motor vehicles to emit quantities of air contaminants that will cause, by themselves or in conjunction with other air contaminants, a condition that is or potentially is injurious to human life or will unreasonably interfere with the comfortable enjoyment of life and property or the conduct of business;

WHEREAS, Tremblay denies the allegations in the Commonwealth's Complaint except as provided in Paragraphs 3 through 11 of the Complaint (Jurisdiction, Venue, and Parties);

WHEREAS, the Commonwealth and Tremblay (collectively, the "Parties") have reached an agreement to resolve the Commonwealth's claims against Tremblay without its admission of liability for the allegations in the Complaint;

WHEREAS, the Parties agree that the settlement of this matter has been negotiated in good faith and at arm's length; that implementation of this Consent Decree ("Consent Decree") will avoid prolonged and complicated litigation between the Parties; that this Consent Decree is in the public interest and consistent with the goals of 42 U.S.C. § 7604(a) and G.L. c. 111, § 142A; and that entry of this Consent Decree is an appropriate way to resolve this matter; and

WHEREAS, this Consent Decree shall be submitted to the United States Department of Justice for the 45-day statutory review period, pursuant to 42 U.S.C. § 7604(c)(3).

NOW THEREFORE, based on the Joint Motion of the Parties for Entry of this Consent Decree, and before taking any testimony and without the adjudication of any issue of fact or law except as provided in Section II (Jurisdiction and Venue), it is **ADJUDGED, ORDERED, AND DECREED** as follows:

2

## I.   DEFINITIONS

1.      Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined by the Massachusetts Air Act and its implementing regulations set forth at 310 C.M.R. §§ 7.00 *et seq*. shall have the meanings assigned to them in the Massachusetts Air Act and 310 C.M.R. §§ 7.00 *et seq*. as of the Entry Date; provided, however, that nothing in this Consent Decree shall excuse Tremblay from complying with any changes to the Massachusetts Air Act, 310 C.M.R. §§ 7.00 *et seq*., or any other law or regulation that are made after the Entry Date, including without limitation changes to the terms that are defined in this Section I.

2.      Whenever the following terms are used in this Consent Decree, the definition specified hereafter shall apply:

3.      "Approved Training Materials for Employees and Contractors" shall mean training materials that Tremblay shall use to train its Employees and Contractors against Excessive Idling, which have been approved by the Massachusetts Attorney General and Department of Environmental Protection ("Department") in writing prior to the Entry Date, as set forth in Attachment A of this Consent Decree.

4.      "Approved Training Materials for Supervisors and Managers" shall mean training materials that Tremblay shall use to train its supervisors and managers (who may be Tremblay Employees or outside Contractors) against Excessive Idling, which have been approved by the Department in writing prior to the Entry Date, as set forth in Attachment B of this Consent Decree.

5.      "Attorney General" shall mean the Massachusetts Office of the Attorney General.

3

6.      "Commonwealth" or "Massachusetts" shall mean the Commonwealth of Massachusetts.

7.      "Contractor" shall mean an independent contractor engaged by Tremblay to operate school buses or retained by Tremblay to perform work involving compliance with the Consent Decree in the Commonwealth while such Contractor is acting within the scope of its agreement with Tremblay.

8.      "Consent Decree" shall mean this Consent Decree and any attachments to it.

9.      "Day" shall mean a calendar day. A "business day" shall mean a day other than a Saturday, Sunday, or a State or Federal holiday.

10.     "Employee" shall mean an active full- or part-time person who works for and under the control of Tremblay for hire; provided that any employee on leave of absence for any reason shall not be deemed an Employee for purposes of this Consent Decree until such employee resumes active full- or part-time employment.

11.     "Environmental Justice communities" shall mean communities in Massachusetts as defined under the 2017 Environmental Justice Policy of the Executive Office of Energy and Environmental Affairs. These communities meet one or more of the following criteria: 25% of households within the census block group have a median annual household income at or below 65% of the statewide household median income; 25% or more of the residents are minority; 25% or more of the residents are foreign-born; or 25% or more of the residents are lacking English language proficiency.

12.     "Excessive Idling" shall mean the unnecessary operation of a motor vehicle while said vehicle is stopped for a foreseeable period of time in excess of five (5) minutes subject to the exceptions or exclusions detailed in 310 C.M.R. § 7.11(l)(b), and 540 CMR 27.00 *et seq.*

4

13.     "School Bus" shall mean a Type A, Type B, Type C, or Type D school bus as defined in 540 CMR 7.03.

14.     "Tremblay" shall mean the Defendant, Tremblay's Bus Co., LLC, a Massachusetts limited liability company with its principal office located at 284 Myrtle Street, New Bedford, Massachusetts (the "Facility").

15.     "Tremblay Location" or "Tremblay Locations" shall mean any supervised facility or parking lot in the Commonwealth at which Tremblay Employees or Contractors report for work, and at which are parked or located motor vehicles, including without limitation School Buses and vans that Tremblay owns and operates, or operates for others, and any satellite facility or satellite parking lot at which Tremblay parks or locates such motor vehicles, but excluding any out-of-state location from which motor vehicles assigned to Commonwealth school routes originate, and, for the avoidance of doubt, any school location unless Tremblay parks or locates motor vehicles there.

16.     "High Asthma areas" shall mean areas as defined by the Massachusetts Department of Public Health using pediatric asthma data from 2015-2016 with asthma rates statistically significantly higher than the statewide average.

17.     "Parties" shall mean the Plaintiff Commonwealth, Defendant Tremblay, and any successor in interest to Tremblay.

18.     "School Year" shall mean the period of time in which schools are open in the Commonwealth, which generally runs from September 1 through June 30 of the following year and excludes school vacation periods, snow days, or other weather-related cancellations.

19.     "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

20.     "Summertime" shall mean the period of time in which most schools in the Commonwealth are not open, which generally runs from July 1 through August 31 in a given year.

## II.     JURISDICTION AND VENUE

21.     The U.S. District Court for the District of Massachusetts has jurisdiction over the Parties and the subject matter of this action pursuant to Section 304(a) of the CAA, 42 U.S.C. § 7604(a); 28 U.S.C. § 1331; and 28 U.S.C. § 1367.

22.     Venue is proper in the District of Massachusetts pursuant to Section 304(c)(1) of the CAA, 42 U.S.C. § 7604(c)(1).

23.     The Complaint alleges facts that, if proven, would constitute good and sufficient grounds for the relief set forth in this Consent Decree.

## III. EFFECTIVE DATE

24.     The effective date of this Consent Decree ("Effective Date" or "Entry Date") shall be when the Court enters the Consent Decree on the docket of the U.S. District Court for the District of Massachusetts.

## IV. PARTIES BOUND

25.     This Consent Decree shall constitute a binding agreement between the Parties, and Tremblay consents to its entry as a final judgment by the Court and waives all rights of appeal upon its entry on the docket. If the Court declines to enter this Consent Decree on any ground except one related to form, this Consent Decree is voidable at the option of any party within fourteen (14) days of the Court's decision. If, on the other hand, the Court determines that substantive modifications to this Consent Decree are necessary prior to the Court's entry of it, the parties shall enter into good faith negotiations to discuss the modifications, and this Consent

6

Decree shall be void unless the Commonwealth and Tremblay agree otherwise in writing within fourteen (14) days of the Court's decision.

26.     The provisions of this Consent Decree shall apply to and bind Tremblay and any person or entity acting by, for, or through Tremblay, including Tremblay's managers, directors, officers, supervisors, employees, including without limitation Employees as defined herein, agents, servants, attorneys-in-fact, successors, and assigns, and those persons in active concert or participation with Tremblay who receive notice of this Consent Decree.

27.     Tremblay shall provide a true copy of this Consent Decree to all of its managers, directors, officers, supervisors, employees, including without limitation Employees as defined herein, and agents whose duties might include compliance with any provision of this Consent Decree. Tremblay shall also provide a copy of this Consent Decree to any Contractor retained by it to perform work required under this Consent Decree and shall condition any such contract, entered into after the Effective Date of the Consent Decree, on the Contractor's performance of the work in compliance with the terms of this Consent Decree.

28.     For two (2) years following the Effective Date, Tremblay shall provide written notice of any prospective change or transfer in ownership, management, or operation of its business, together with a copy of the proposed written change or transfer agreement, to the Attorney General in accordance with Section XI (Notices) of this Consent Decree. At least thirty (30) days prior to any such change or transfer of ownership, management, or operation of the Facility that occurs within two (2) years of the Effective Date, Tremblay shall provide a copy of this Consent Decree to the proposed transferee or new manager or operator. No change or transfer in ownership, management, or operation of the Facility, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve the Defendant or its managers, officers,

directors, agents, successors, assigns, heirs, and or servants of any obligation under this Consent Decree, unless:

    a) the transferee agrees, in writing, to undertake any outstanding obligations required by Section V ( Payment of Civil Penalties and Costs), Section VI (Injunctive Relief), and Section VII (Site Access and Preservation of Records), and to be added as a Defendant or substituted for the Defendant as a Party under the Consent Decree and thus assume the obligations, rights, and benefits of, and be bound by, its terms;

    b) the Commonwealth agrees to consent, in writing, to relieve the Defendant of its obligations under the Consent Decree; and

    c) the transferee becomes a party under this Consent Decree pursuant to Section XIV (Modification).

Any attempt to change or transfer ownership, management, or operation of the Facility without complying with this paragraph shall constitute a violation of this Consent Decree.

29.      Tremblay shall not violate this Consent Decree, and shall not allow its managers, directors, officers, supervisors, employees, including without limitation Employees as defined herein, agents, servants, attorneys-in-fact, successors, assigns, and those persons in active concert or participation with Tremblay who receive notice of this Consent Decree to violate this Consent Decree. In any action to enforce this Consent Decree, Tremblay shall not raise as a defense the failure by any of Tremblay's managers, directors, officers, supervisors, employees, including without limitation Employees as defined herein, agents, servants, attorneys-in-fact, successors, assigns, and those persons in active concert or participation with Tremblay who

receive notice of this Consent Decree to take any actions necessary to comply with the provisions of this Consent Decree.

30.     In addition to any relief specifically provided in this Consent Decree, Tremblay understands and agrees that violations of this Consent Decree may be punishable by contempt pursuant to an appropriate civil contempt proceeding.

## V.     PAYMENTS

31.     Tremblay shall pay to the Friends of Buttonwood Park the sum of fifty thousand dollars ($50,000) to fund projects to plant and maintain trees and vegetation in, and to increase access for environmental justice communities to, Buttonwood Park in New Bedford in accordance with the following schedule, terms, and conditions:

a)  Tremblay shall pay ten thousand dollars ($10,000) within fourteen (14) days of the Effective Date;

b)  Tremblay shall pay forty thousand dollars ($40,000) in installments as set forth below:

| Payment amount | Due Date |
| --- | --- |
| $10,000 | Within 60 days of the Effective Date |
| $10,000 | January 1, 2022 |
| $10,000 | July 1, 2022 |
| $10,000 | January 1, 2023 |

c)  Tremblay's payments shall be made by certified check, treasurer's check, or bank check, and sent to the Friends of Buttonwood Park, Attention: Richard Leary, P.O. Box 2011, New Bedford, MA 02741.  Confirmation of

9

Tremblay's payment shall be contemporaneously provided to the Commonwealth in accordance with Section XI (Notices).

32.    Tremblay shall pay to the Greater New Bedford Health Center the sum of fifty thousand dollars ($50,000) to fund projects to prevent and treat pediatric asthma in New Bedford in accordance with the following schedule, terms, and conditions:

a)  Tremblay shall pay ten thousand dollars ($10,000) within fourteen (14) days of the Effective Date;

b)  Tremblay shall pay forty thousand dollars ($40,000) in installments as set forth below:

| Payment amount | Due Date |
| --- | --- |
| $10,000 | Within 60 days of the Effective Date |
| $10,000 | January 1, 2022 |
| $10,000 | July 1, 2022 |
| $10,000 | January 1, 2023 |

c)  Tremblay's payments shall be made by certified check, treasurer's check, or bank check, and sent to the Greater New Bedford Health Center, Attention: Jill O'Connor, 874 Purchase Street, New Bedford, MA 02740.  Confirmation of Tremblay's payment shall be contemporaneously provided to the Commonwealth in accordance with Section XI (Notices).

33.    Tremblay shall pay to the Commonwealth a civil penalty in the amount of twenty thousand dollars ($20,000), which shall be suspended ("Suspended Penalty").  The Commonwealth shall waive the Suspended Penalty two years from the date of entry of this

Consent Decree, provided that Tremblay timely complies with the requirements of this Consent

Decree.

34.     Notwithstanding any other provision of this Section, the Commonwealth may, in

its unreviewable discretion, waive any portion of the Suspended Penalty that becomes due

pursuant to this Consent Decree. Tremblay shall pay any Suspended Penalty owed to the

Commonwealth by Electronic Funds Transfer ("EFT") to the Commonwealth of Massachusetts

in accordance with current EFT procedures, using the following account information:

> COMMONWEALTH OF MASSACHUSETTS, OFFICE OF ATTORNEY GENERAL
> ABA#: ▮▮▮▮▮▮
> ACCOUNT#: ▮▮▮▮▮▮
> SANTANDER BANK
> 75 STATE STREET
> BOSTON, MA 02109
> TIN: ▮▮▮▮▮
> REFERENCE: DOCKET NO. 1:21-cv-11220

and shall include the following payment information: "*EPD, Commonwealth v. Tremblay's Bus*

*Co., LLC - Civil Penalties.*" Any payments received by the Commonwealth after 4:00 P.M.

(Eastern Time) will be credited on the next business day. At the time of payment, Tremblay shall

send notice that such payment has been made to the Commonwealth by electronic mail in

accordance with the notice provision of Section XI (Notices), below.

35.     Within fourteen (14) days of the Effective Date Tremblay shall reimburse the

Attorney General's Office in the amount of forty thousand dollars ($40,000) to defray the

Attorney General's Office's costs, including attorney fees, incurred in connection with its work

on this matter. Payment should be made by Electronic Funds Transfer ("EFT") to the

Commonwealth of Massachusetts in accordance with current EFT procedures, using the

following account information:

> COMMONWEALTH OF MASSACHUSETTS, OFFICE OF ATTORNEY GENERAL

11

ABA#: ▮▮▮▮▮▮▮
ACCOUNT#: ▮▮▮▮▮▮▮▮▮
SANTANDER BANK
75 STATE STREET
BOSTON, MA 02109
TIN: ▮▮▮▮▮▮
REFERENCE: DOCKET NO. 1:21-cv-11220

and shall include the following payment information: "*EPD, Commonwealth v. Tremblay's Bus Co., LLC - Costs.*" Any payments received by the Commonwealth after 4:00 P.M. (Eastern Time) will be credited on the next business day. At the time of payment, Tremblay shall send notice that such payment has been made to the Commonwealth by electronic mail in accordance with the notice provision of Section XI (Notices), below.

36.      Within fourteen (14) days of the Effective Date, Tremblay shall reimburse the Attorney General's Office in the amount of five thousand dollars ($5,000) to defray the Attorney General's Office's costs of monitoring Tremblay's compliance with the Consent Decree. Payment should be made by Electronic Funds Transfer ("EFT") to the Commonwealth of Massachusetts in accordance with current EFT procedures, using the following account information:

COMMONWEALTH OF MASSACHUSETTS, OFFICE OF ATTORNEY GENERAL
ABA#: ▮▮▮▮▮▮▮
ACCOUNT#: ▮▮▮▮▮▮▮▮▮
SANTANDER BANK
75 STATE STREET
BOSTON, MA 02109
TIN: ▮▮▮▮▮▮
REFERENCE: DOCKET NO. 1:21-cv-11220

and shall include the following payment information: "*EPD, Commonwealth v. Tremblay's Bus Co., LLC – Monitoring.*" Any payments received by the Commonwealth after 4:00 P.M. (Eastern Time) will be credited on the next business day. At the time of payment, Tremblay shall send notice that such payment has been made to the Commonwealth by electronic mail in accordance

with the notice provision of Section XI (Notices), below.

37.     For any period of nonpayment after the payment obligation(s) become due, Tremblay shall pay to the Commonwealth interest on the entire amount due at the rate of twelve percent (12%) per annum pursuant to G.L. c. 231, § 6B, for the period of nonpayment, in addition to the unpaid principal amount owing.  Tremblay shall also pay all reasonable expenses, including attorneys' fees and costs of collection incurred by the Commonwealth, associated with collecting the unpaid amounts and interest.

## VI.     INJUNCTIVE RELIEF

38.     For purposes of enforcement of this Consent Decree, Tremblay shall at all times avoid Excessive Idling in Tremblay's operation of School Buses and other motor vehicles within the Commonwealth and shall comply with this Consent Decree, the CAA, Massachusetts Air Act, 310 C.M.R. § 7.11(l)(b), 310 C.M.R. § 7.01, and the remainder of 310 C.M.R. §§ 7.00 *et seq.*, G.L. c. 90, § 16B, and its implementing regulations set forth at 540 C.M.R. §§ 27.00 *et seq.*, as are in effect on the Entry Date.

39.     Beginning in 2021, and continuing in each successive year thereafter during the term of this Consent Decree, Tremblay shall provide certain prescribed training materials (Approved Training Materials for Supervisors and Managers, and Approved Training Materials for Employees and Contractors, copies of which are attached hereto as Attachments A and B and are made parts of this Consent Decree) to its Employees, managers, supervisors, and Contractors responsible for operating School Buses and other motor vehicles in the Commonwealth, or for supervising or managing such use of School Buses or motor vehicles, detailing Tremblay's and those persons' obligations to comply everywhere in the Commonwealth with the regulations against Excessive Idling, as follows:

13

a) By no later than 30 days after entry of this Consent Decree, and continuing on August 1st in each successive year thereafter during the term of this Consent Decree and consistent with the terms described in Attachments A and B to the Consent Decree, Tremblay shall provide the Approved Training Materials for Supervisors and Managers to each of its supervisors and managers, and shall train them regarding how to avoid Excessive Idling; how to properly and accurately prepare and submit to the Attorney General, in accordance with Tremblay's reporting requirements under this Consent Decree, the forms that are attached to this Consent Decree as Attachments C, D, and F; and how to train all other Employees and Contractors who are involved with the operation of School Buses and other motor vehicles in the Commonwealth on the requirements set forth in Attachment A and B to this Consent Decree;

b) By no later than 30 days after entry of this Consent Decree, and continuing on August 1st in each successive year thereafter during the term of this Consent Decree, Tremblay shall provide the Approved Training Materials for Employees and Contractors to each of its Employees and Contractors and shall provide notification and training, at least once each year before the School Year starts, to each and every Tremblay Employee and Contractor who operates for any purpose or maintains, or who supervises the operation or maintenance of, any School Bus or other motor vehicle that is owned and/or operated by Tremblay in the Commonwealth, including without limitation School Bus drivers, dispatchers, mechanics, and any other person that falls within the above-described categories. Tremblay shall train any Employee that

14

returns from a leave of absence as soon as practicable upon such return and reinstatement as an Employee, but in no event no later than fifteen (15) days after return and reinstatement. Tremblay shall train any new Employee within fifteen (15) days after the Employee is hired by Tremblay;

c) The training of Employees and Contractors shall be conducted with the Approved Training Materials for Employees and Contractors. Tremblay shall instruct each and every Tremblay Employee and Contractor who operates for any purpose or maintains, or who supervises the operation or maintenance of, any School Bus or other motor vehicle in the Commonwealth, to comply with said policy against Excessive Idling and with the regulatory restrictions set forth in the Act, 310 C.M.R. § 7.01, 310 C.M.R. § 7.1 l(l)(b), G.L. c. 90, § 16B, and its implementing regulations set forth at 540 C.M.R. §§ 27.00 *et seq.*;

d) All in-person and online training sessions shall be staffed by a Tremblay supervisor or manager who has been trained in accordance with the supervisor and manager training described above in this Paragraph 39, and who will be available to answer Employees' and Contractors' questions and who will describe to the Employees and Contractors the particular requirements of 310 C.M.R. 7.1 l(l)(b), G.L. c. 90, § 16B, and 540 C.M.R. § 27.00 *et seq.* that apply to Tremblay's operations in Massachusetts;

e) Tremblay shall ensure and certify that all Employees and Contractors operating School Buses or other vehicles in the Commonwealth complete the required training at least once per calendar year, no later than August 31 each

year, during the period this Consent Decree is in effect. Tremblay shall keep

written or electronic records of all Employees and Contractors who attend

each training session or otherwise complete the training by electronic means,

and Tremblay shall make those records available to the Department and the

Attorney General within thirty (30) days of a request from the Department or

the Attorney General;

f) By no later than 60 days after entry of this Consent Decree and by October

31st of each subsequent year that this Consent Decree is in effect, Tremblay

shall submit to the Attorney General a written report, including copies of the

Approved Training Materials for Supervisors and Managers and the Approved

Training Materials for Employees and Contractors, certifying under the pains

and penalties of perjury pursuant to the language in 310 C.M.R. § 7.01(2)(c)

that the requirements in this Paragraph 39 have been performed and complied

with;

g) As part of the required trainings pursuant to this Consent Decree, Tremblay

shall also advise all Employees, managers, supervisors, and Contractors who

operate for any purpose or maintain, or who supervise the operation or

maintenance of, any School Bus and other motor vehicle in the

Commonwealth, of the obligations to comply with the Motor Vehicle Code,

G.L. c. 90, § 16B, and its implementing regulations set forth at 540 C.M.R.

§§ 27.00 *et seq*. All such persons who are required to comply with G.L. c. 90,

§ 16B and 540 C.M.R. §§ 27.00 *et seq*. on school grounds shall also comply

16

with the requirements of the CAA, the Massachusetts Air Act, and 310
C.M.R. §§ 7.11(l)(b) on school grounds and elsewhere in the Commonwealth.

h) Any changes to the Approved Training Materials for Supervisors and
Managers or to the Approved Training Materials for Employees and
Contractors to be used during the term of this Consent Decree must be
approved in writing (e-mail is sufficient) by the Attorney General before
Tremblay provides such materials to its Employees, supervisors, managers,
and Contractors.

40.     Tremblay agrees to post and maintain "No Excessive Idling" signs ("Signs") at all
Tremblay Locations and on the dashboard of all Tremblay vehicles, monitor the placement of the
signs on a monthly basis, and to replace or reinstall any missing or removed Signs as soon as
possible after learning that the Sign is no longer posted. Within thirty (30) days of initiating new
School Bus service from any new Tremblay Location in the Commonwealth, Tremblay shall post
and thereafter maintain a Sign at each new Tremblay Location. Tremblay shall comply with the
following requirements when posting Signs at all Tremblay Locations:

a) Each Sign shall clearly notify all operators, drivers, and other Employees or
Contractors who operate School Buses, that Excessive Idling is prohibited and
shall specify 310 C.M.R. § 7.11(l)(b) as the source of this requirement;

b) Each Sign shall be designed and placed in prominent locations such that each
Sign is visible to all personnel at Tremblay's Locations and all personnel
operating Tremblay vehicles, including at a central area where School Bus
operators and/or School Bus operators congregate; and

17

c) Tremblay shall include in each quarterly report, required to be submitted pursuant to Paragraph 41 of this Consent Decree, the address of any new Tremblay Location(s) and shall certify to the Department and the Attorney General that it has posted a Sign in each such new Tremblay Location.

41.     Effective upon and after the Entry Date of this Consent Decree, a Tremblay manager, or delegated supervisor with management authority, shall conduct a walk-through at all Tremblay Locations during those periods when School Buses are operating, to ensure that drivers are avoiding Excessive Idling. For purposes of this Consent Decree, School Buses shall be deemed to be "operating" at a Tremblay Location during the School Year. School Buses shall be deemed to be "operating" during the Summertime if the School Bus is being operated by Tremblay at or from a Tremblay location that has an on-site supervisor or manager, for, without limitation, camp runs, summer school, and/or other charter services. School Buses that are being moved around a Tremblay Location solely for maintenance and/or inspection purposes during the School Year or Summertime are deemed not to be "operating" for purposes of the Tremblay location walk-throughs.  During each required walk-through, Tremblay shall comply with the following:

a) Ensure that Tremblay managers or delegated supervisors with management authority over the Tremblay locations shall document the results of the walk-through requirement set out in this Paragraph 41, above. Documentation of these Tremblay location walk-throughs shall be collected on the "Location Anti-Idling Program Inspection Worksheet" form attached hereto as Attachment C and made a part hereof. This document shall be retained by Tremblay in accordance with the requirements of Section VII (Site Access

and Preservation of Records) of this Consent Decree and shall be made available to the Attorney General by Tremblay within thirty (30) days of a request.

b) Provide quarterly reports to the Attorney General in writing, certified pursuant to the language set forth in Paragraph 43, below, regarding Tremblay's compliance with the walk-through requirement set out in Paragraph 41, above. Each quarterly report shall consist of the "Location Walk-Through Summary Report" attached hereto as Attachment D and made a part hereof and that is completed to show the number of walk-throughs that were actually conducted for each Tremblay location, and the "Location Anti-Idling Program Inspection Worksheet" (Attachment C) that together state whether Tremblay completed the walk-through requirement during the relevant quarter for each Tremblay location. Specifically, the quarterly report shall identify each Tremblay location and how many walk-throughs occurred, the total number of School Buses inspected, the date of each walk-through, the start and finish times of each walk-through, any Excessive Idling that was discovered during each walk-through, the name of the driver, and School Bus number of each non-compliant School Bus, and any action taken by Tremblay to correct each identified violation to prevent future Excessive Idling. For each Tremblay Location where the monthly walk-through requirement was not satisfied in accordance with Paragraph 41(d), below, Tremblay shall provide an explanation for the nonperformance and shall describe the steps taken to resolve the nonperformance. Tremblay shall complete all forms required to be

19

submitted to the Attorney General in their entirety. Each of the specific

requirements set forth in this subparagraph is a separate condition of this

Consent Decree.

c) Submit the reports required in this Paragraph on a quarterly basis during each

calendar year the Consent Decree is in effect in the following manner:

| Quarter | Due Date |
| --- | --- |
| 1. January to March: | April 30 |
| 2. April to June: | July 31 |
| 3. July to September: | October 31 |
| 4. October to December: | January 31 |

With each quarterly report, Tremblay shall submit an up-to-date list of all

Tremblay Locations, including their addresses, and include those Tremblay

Locations that are not "operating" as provided for in Paragraph 41, and those

Tremblay Locations that have been closed, if any.

d) Perform the walk-through, as described above, during the School Year at each

Tremblay Location no less than four (4) times per calendar month, with no

more than two (2) times per calendar month on a particular day of the week.

e) Perform the walk-through, as described above, during the Summertime at each

Tremblay location no less than four (4) times per calendar month, with no

more than one (1) walk-through conducted on the same day. If School Buses

are operating less than four (4) days per calendar month at a particular

Tremblay location, the walk-through requirement shall be performed at that

particular Tremblay location every day that School Buses are operating.

f) Ensure that the attached form, "Location Anti-Idling Program Inspection

Worksheet" (Attachment C), is fully completed and signed by the Tremblay

manager or delegated supervisor who conducts each walk-through. A copy of each form shall be forwarded to the Tremblay Employee who completes the quarterly reports for submission to the Attorney General.

g) Provide to the Department or the Attorney General, within twenty-four (24) hours of any request by the Department or the Attorney General, at the e-mail addresses set forth in Section XI (Notices) of this Consent Decree the then-current schedule for Tremblay's managers and supervisors to conduct walk-throughs at any Tremblay Location. Tremblay shall give timely notice to the Attorney General by e-mail of any schedule changes that are made to a previously requested schedule.

42.   In addition to the walk-throughs required by Paragraph 41, effective upon the Entry Date and continuing in each successive calendar year thereafter during the term of this Consent Decree, Tremblay shall hire an independent consultant, subject to the approval of the Attorney General, who will perform unannounced inspections at four (4) schools in Massachusetts at which Tremblay provides transportation services. The unannounced inspections shall comply with the following requirements:

a) The annual inspections at schools shall be conducted in Environmental Justice communities or High Asthma Areas, as identified in Attachment E, which is made a part hereof.

b) Two (2) of the inspections shall be conducted in the Fall (first day of school to December 24) and two (2) in the Spring (January 2 to last day of school), but all inspections shall be conducted during the School Year when school is in session.

c) With each quarterly report submitted to the Attorney General, pursuant to Paragraph 41 of this Consent Decree, on January 31 and July 31, Tremblay shall report the results of the school inspections to the Attorney General in writing. The written reports shall be certified pursuant to the language set forth in Paragraph 43, below, and shall identify the names and addresses of the schools at which the inspections occurred; who conducted each inspection; the date of each inspection; the start and stop time of each inspection; the number of School Buses observed during each inspection; any Excessive Idling that the consultant discovered during each inspection; the School Bus number and driver's name of any School Bus found to be engaging in Excessive Idling; and any action taken by Tremblay to correct the Excessive Idling and prevent future Excessive Idling. Tremblay shall report the required information to the Attorney General using the form entitled "School-Yard Idling Inspection Worksheet" that is attached hereto as Attachment F and made a part hereof. Tremblay shall complete all forms required to be submitted to the Attorney General in their entirety. Each of the specific requirements set forth in this subparagraph is a separate condition of this Consent Decree.

d) At the time Tremblay sets a schedule for its independent consultant to conduct any school inspections, Tremblay shall provide a copy of the schedule to the Attorney General at the e-mail addresses set forth in Section XI (Notices) of this Consent Decree. Tremblay shall provide the schedules to the Attorney General as far in advance of the scheduled inspections as possible and shall

22

give timely notice to the Attorney General by e-mail of any schedule changes that are made.

43.     All reports and other written information required by Section VI (Injunctive Relief) of this Consent Decree to be submitted to the Attorney General shall contain the following certification:

> I certify under penalty of law that I have examined and am familiar with the information submitted in this document and all attachments to it, and that this document and its attachments were prepared either by me personally or under my direction or supervision in a manner designed to ensure that qualified and knowledgeable personnel properly gathered and presented the information contained therein. I further certify, based on personal knowledge or on my inquiry of those individuals immediately responsible for obtaining the information, that the information is true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fines and imprisonment for knowing and willful submission of a materially false statement.

44.     Tremblay shall ensure that each certified statement is signed by a responsible corporate officer, such as a president, vice-president, secretary, treasurer, or manager, who is responsible for environmental policymaking, decision-making, and compliance with environmental laws and regulations applicable to its Massachusetts operations, who has the authority to make management decisions that govern Tremblay's Massachusetts operations, and who has responsibility for directing and authorizing actions to ensure that Tremblay's Massachusetts operations are carried out in full compliance with the environmental laws and regulations.

45.     Within six (6) months of the Effective Date of this Consent Decree, Tremblay shall complete installation and commence operation of, for at least three years, the anti-idling, monitoring, and global positioning systems ("GPS Tracking Systems") on fifty (50) percent of Tremblay School Buses. Within one (1) year of the Effective Date of this Consent Decree,

Tremblay shall complete installation and commence operation of, for at least two years, the GPS Tracking Systems on all operating Tremblay School Buses. The GPS Tracking Systems shall be installed and operated in full compliance with the GPS Tracking Systems Policy, identified in Attachment G, which is made a part hereof. Pursuant to the Force Majeure provision below in Paragraph 50, Tremblay shall not be found in breach of this Consent Decree if any vendor with which Tremblay has contracted for services related to the GPS Tracking Systems is unable to continue to provide equipment or services necessary for the full operation of the GPS Tracking System for reasons beyond Tremblay's reasonable control. In such an event, Tremblay will provide written notice to the Department and the Attorney General within ten (10) days of receipt of notice from the vendor of its inability to provide said services. The compliance time frames set forth in this Consent Decree shall be tolled from the date of Tremblay's written notice to the Department and Attorney General until that date that Tremblay provides written notice that its GPS Tracking Systems are fully operational again.

46.     Tremblay shall develop a company policy and operation requirements, as provided in Attachment G and subject to approval by the Department and the Attorney General, for the GPS Tracking Systems that includes the following requirements:

a)  The durational trigger point at which the GPS Tracking Systems will be programmed to notify Tremblay School Bus drivers/operators, dispatchers, or other personnel of potentially Excessive Idling of a given School Bus;

b)  The actions Tremblay Employees, including Tremblay School Bus drivers/operators, dispatchers, or other personnel are required to take to investigate and prevent or limit any potentially excessive idling identified by the GPS Tracking Systems;

c) The training protocol for Tremblay School Bus drivers/operators, dispatchers, or other personnel, which shall include but not be limited to their obligations and requirements under Tremblay's policy when receiving a notification from the GPS Tracking Systems of potentially excessive idling of a School Bus;

d) The programming of the GPS Tracking Systems to track the geographic location of idling School Bus motor vehicle engines and to alert Tremblay personnel at the Tremblay Location a School Bus operates from when a School Bus exceeds five minutes of idling;

e) The programming of the GPS Tracking Systems to alert a School Bus driver when the School Bus has exceeded five minutes of idling;

f) The programming of the GPS Tracking Systems to prevent School Bus drivers and operators from overriding or shutting off the GPS Tracking Systems' idling monitoring, alert, and recording functionality;

g) The maintenance of records and data for a minimum of two (2) years, available upon request at any time by the Attorney General or the Department, from the GPS Tracking Systems regarding the location and duration of each instance of Excessive Idling; and

h) The retention of electronic records for a minimum of two (2) years from the GPS Tracking Systems of all School Bus idling incidents that exceed five (5) minutes.

47.     Any information provided by Tremblay pursuant to this Consent Decree may be used by the Commonwealth in any proceeding to enforce the provisions of this Consent Decree.

## VII.   SITE ACCESS AND PRESERVATION OF RECORDS

48.     The Attorney General and the Department shall have the right to enter any of Tremblay's locations and places of business within the Commonwealth any time between 6:00 am and 6:00 pm, or any other reasonable time with 1-hour notice in accordance with Section XI (Notices) to Tremblay, without securing any judicial or administrative warrants or other process, for the purposes of conducting any activity related to the enforcement of the terms of this Consent Decree, or for inspections and monitoring compliance with any applicable laws or regulations. Tremblay expressly consents to such entry any time between 6:00 am and 6:00 pm, or any other reasonable time with 1-hour notice by the Attorney General and the Department. During any inspection, Attorney General and Department personnel may take videos or photographs of the records, documents, or equipment relative to Tremblay's compliance with Section VI (Injunctive Relief) of the Consent Decree at Tremblay's locations  (provided that the Commonwealth shall provide copies of any photographs to Tremblay upon request); may obtain copies of any record or other documentary evidence regarding Tremblay's compliance with Section IV (Injunctive Relief) of the Consent Decree at the location or any other Tremblay location or place of business within the Commonwealth, and the Attorney General or the Department may take samples of the air or other materials at the location relative to compliance with this Consent Decree (provided that split samples shall be provided to Tremblay upon request). Any information, documents, samples, visual or recorded evidence, or materials or tangible evidence gathered by the Attorney General or the Department during any inspection pursuant to this Paragraph may be used by the Commonwealth in an action to enforce this Consent Decree or in any other administrative, civil, or criminal enforcement action against Tremblay or any successor or assign.

26

49.     In addition to complying with any other applicable local, State, or federal records preservation requirements, until three (3) calendar years after Tremblay completes all of the requirements set forth in this Consent Decree, Tremblay shall preserve at least one (1) legible copy of all documents in its possession, custody, or control that are specifically required for the performance of Tremblay's obligations under this Consent Decree. If Tremblay retains or employs any agent, consultant, or Contractor whose duties include complying with the terms of this Consent Decree then Tremblay's agreement or contract with the agent, consultant, or Contractor shall require such person or persons to provide Tremblay with a copy of all documents relating to the performance of Tremblay's obligations under this Consent Decree. Current agents, consultants, or Contractors of Tremblay shall perform their duties for Tremblay in such a way that it complies with the terms of this Consent Decree. This requirement includes electronic documents. Any copies of documents subject to this requirement may be maintained in an electronic format. Unless a different time is provided for elsewhere in this Consent Decree, Tremblay shall provide to the Attorney General a copy of any document requested by the Attorney General or the Department related to this Consent Decree within thirty (30) days of a request.

## VIII.   FORCE MAJUERE

50.     Any request to extend the deadlines set forth in Section VI (Injunctive Relief) or Section VII (Site Access and Preservation of Records) shall be made in writing to the Department, with a copy to the Attorney General, prior to the expiration of the deadline. If such a request cannot be made before a deadline due to a force majeure event, then Tremblay has twenty-four (24) hours after the deadline to provide a written request to extend the deadline. Upon receipt of a timely request for an extension under this Paragraph, the Attorney General

27

may, in its discretion, grant additional time if it is persuaded that the delay in performance is the

result of circumstances beyond Tremblay's control. The Attorney General shall not

unreasonably withhold or condition an extension, but in the event the Attorney General does

withhold an extension, Tremblay shall bear the burden of demonstrating that (a) the delay in

performance is the result of circumstances beyond its control and (b) the delay could not have

been prevented or avoided by the reasonable exercise of due care, foresight, or due diligence on

the part of Tremblay. In its written notice of delay to the Attorney General, Tremblay shall state

the anticipated length of delay, the cause of the delay, and the steps or measures it will take to

prevent or minimize the delay. Tremblay shall adopt reasonable measures to avoid or minimize

the delay. Tremblay's failure to comply with the notice requirements of this Paragraph shall

constitute waiver of its right to request an extension of time with regard to any delay, and a

waiver of any right to relief from the deadlines in Section VI (Injunctive Relief). The Attorney

General and the Department will not seek to collect a suspended penalty for an approved period

of delay or during the time the Attorney General or the Department is considering a timely

request for an extension under this Paragraph. Except as excused by the Department pursuant to

this Paragraph, delay on the part of Tremblay's Contractors, subcontractors, or consultants shall

be attributable to Tremblay and financial inability or increased costs shall not constitute a force

majeure condition. If the Attorney General agrees that the delay in performance is the result of

force majeure circumstances beyond Tremblay's control, the compliance time frames set forth in

this Consent Decree shall be tolled. During this time, Tremblay shall provide weekly status

reports to the Attorney General, pursuant to Section XI (Notices) and take all reasonable steps to

end the noncompliance as soon as possible. If the Parties are unable to reach an agreement on

differences about a delay by informal negotiation or other mutually agreeable means of dispute

resolution, then Tremblay may seek review of the Attorney General's determination in Court and Tremblay shall bear the burden of demonstrating that the Attorney General's determination was arbitrary and capricious or otherwise not in accordance with law.

## IX.    EFFECT OF CONSENT DECREE

51.    Upon full compliance with the requirements of this Consent Decree, (a) this Consent Decree shall resolve Tremblay's liability for the specific legal claims alleged against it in the Complaint that arose at least 45 days prior to the entry of this Consent Decree, and (b) the Commonwealth shall release Tremblay for liability for the specific legal claims alleged against Tremblay in the Complaint that arose at least 45 days prior to the entry of this Consent Decree.

52.    Nothing in this Consent Decree: (a) shall be deemed to excuse any non-compliance by Tremblay or its successors or assigns with the requirements of any law or regulation; (b) shall in any way bar any future actions by the Commonwealth against Tremblay or its successors or assigns based upon any claims or allegations not asserted in the Complaint or any claims not conditionally released pursuant to this Consent Decree; or (c) shall preclude a future separate or ancillary action by the Commonwealth against Tremblay to enforce this Consent Decree, or any violations of any laws or regulations other than those for which liability is conditionally released pursuant to this Consent Decree.

53.    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Decree.

## X.    ENFORCEMENT AND GENERAL PROVISIONS

54.    Nothing in this Consent Decree shall be construed to bar, diminish, adjudicate, or in any way affect any legal or equitable rights the Commonwealth may have to take additional administrative or legal action against the Tremblay with respect to any future violations of the laws or

regulations of the Commonwealth or any violations that are unknown to the Commonwealth as of the date of execution of this Consent Decree.

55.     Tremblay agrees that this Consent Decree shall apply to and be binding upon Tremblay and upon any successors or assigns.  In the event that Tremblay transfers ownership of its business it shall comply with Paragraph 28 of the Consent Decree.

56.     The Commonwealth, acting through the Attorney General, may extend any deadline as either determines is appropriate.  In addition, the Parties may extend any deadline by mutual agreement.

## XI.   NOTICES

57.     Unless otherwise specified in this Consent Decree, all notices and submissions required by this Consent Decree shall be made in writing by email to the following addresses:

> For the Office of the Attorney General
> Brian Clappier
> Environmental Protection Division
> Office of the Attorney General
> One Ashburton Place
> Boston, MA 02108
> Brian.Clappier@mass.gov
>
> For the Defendant:
> John McGivney
> Tyler Franklin
> Rubin and Rudman, LLP
> 53 State Street
> Boston, MA 02109
> JMcGivney@rubinrudman.com
> TFranklin@rubinrudman.com
>
> Lucien Tetreault Jr.
> Vice President
> 284 Myrtle Street
> New Bedford, MA 02746
> luke@tbcbus.com

or, to such other place or to the attention of such other individual as a party may from time to time designate by written notice to the other parties to this Consent Decree.

## XII.   MISCELLANEOUS

58.      Tremblay understands and agrees that, pursuant to 11 U.S.C. § 523(a)(7), the payments and any other costs or sums that Tremblay may be required to pay under this Consent Decree are not subject to discharge in any bankruptcy.

59.      Tremblay shall pay all expenses, including reasonable attorneys' fees and costs, incurred by the Commonwealth in the enforcement of this Consent Decree.

60.      Tremblay waives entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

61.      The titles in this Consent Decree have no independent legal significance and are used merely for the convenience of the Parties.

62.      Massachusetts law shall govern the interpretation and enforcement of this Consent Decree.

63.      In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or State or Federal holiday, the period shall run until the close of business of the next business day.

## XIII. INTEGRATION

64.      Except as expressly set forth in this Consent Decree, this Consent Decree sets forth all of the obligations of the parties and represents the complete and exclusive statement of the parties with respect to the terms of the settled agreement embodied by this Consent Decree; any other representations, communications, or agreements by or between parties shall have no force and effect.

31

## XIV. MODIFICATION

65.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the parties. Where the modification constitutes a material change to any term of this Consent Decree, it shall be effective only by written approval of the parties and the approval of the Court. The Commonwealth's decision to extend a deadline in this Consent Decree shall not constitute a material change for purposes of this Paragraph.

## XV. AUTHORITY OF SIGNATORY

66.     The person signing this Consent Decree on behalf of Tremblay acknowledges: (a) that he or she has personally read and understands each of the numbered Paragraphs of this Consent Decree, including any Appendices attached to it; (b) that, to the extent necessary, Tremblay's managers, directors, officers, and shareholders have consented to Tremblay entering this Consent Decree and to its entry as a Final Decree; and (c) that he or she is authorized to sign and bind Tremblay to the terms of this Consent Decree.

## XVI. RETENTION OF JURISDICTION

67.     The Court shall retain jurisdiction over this case following entry of Final Decree for purposes of resolving disputes that arise under this Consent Decree, entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

## XVII. FINAL JUDGMENT

68.     Upon approval and entry of this Consent Decree by the Court this Consent Decree shall constitute a Final Judgment of the Court.

[THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK]

STIPULATED AND AGREED:

COMMONWEALTH OF MASSACHUSETTS

By its attorney,

MAURA HEALEY
ATTORNEY GENERAL

_____
Turner Smith, BBO# 684750
Assistant Attorney General & Deputy Chief
Brian Clappier, BBO# 569472
Assistant Attorney General
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA 02108
617-963-2782
turner.smith@mass.gov
brian.clappier@mass.gov

Date: July 28, 2021
_____

TREMBLAY'S BUS CO., LLC,

By its attorneys,

_____
John McGivney, BBO# 333510
Tyler Franklin, BBO# 684930
Rubin and Rudman, LLP
53 State Street
Boston, MA 02109
617-330-7084
jmcgivney@rubinrudman.com
tfranklin@rubinrudman.com

Date: 7/28/2021
_____


**IT IS SO ORDERED. JUDGMENT** is hereby entered in accordance with the foregoing.

By the Court:

_____
Justice, U.S. District Court
US Magistrate Judge

Attest: _____
Assistant Clerk

Date: 9/15/21

Date: 9/15/21